UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARIA D. AGUILAR, | No. ED CV 10-01394-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

rejected Plaintiff's testimony.

(JS at 4.)

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY ASSESSED PLAINTIFF'S CREDIBILITY**

Plaintiff's sole issue in this litigation is that the ALJ gave legally inadequate reasons in his decision to reject the subjective symptom and pain testimony of the Plaintiff.

Plaintiff suffers from lupus, which the ALJ determined to be a severe impairment. (AR 22.) As a result of this condition she claims disabling joint pain and fatigue. (AR 27, 43-44, 183-189, 224-225, 249-250, 286-287.) Indeed, in her testimony at the hearing before the ALJ (AR 38-63), Plaintiff offered substantial testimony as to her joint pain and related symptoms. (See AR at 46-51.) This included difficulty in holding a pen in her dominant hand; inability to write a page; dropping things held with her dominant hand; difficulty holding on to items; difficulty buttoning buttons with her dominant hand; difficulty opening up jars and doorknobs; difficulty raising her arm to shoulder level; difficulty showering and bathing; difficulty getting dressed; limitation on her ability to do household chores; difficulty sitting for more than an hour or half an hour at a time; difficulty standing; ability to walk for at most 15 minutes; difficulty lifting and carrying items; and pain-related limitations on her social life. (Id.)

In his decision, the ALJ devoted substantial discussion to the issue of Plaintiff's credibility, ultimately determining that Plaintiff's allegations of disabling symptoms are not supported by the evidence of record. (AR 29-30.)

Plaintiff asserts that the ALJ gave inadequate reasons to discount her credibility. Indeed, Plaintiff's view is that the ALJ rejected her credibility because her symptom testimony lacks support in the objective medical evidence, and that his assessment of Plaintiff's ability to do daily activities was incorrect. (See JS at 7-9.) A review of the decision, however, reveals that the ALJ gave far more extensive reasons than Plaintiff credits, and equally important, Plaintiff has not, in this litigation, seriously contradicted the reasons provided.

The ALJ's decision itself sets forth the reasons upon which he relied, and thus, Plaintiff's fear that the justification for the ALJ's rationale depends upon post-hoc reasoning is unfounded.

Certainly, there are elements in the ALJ's analysis which unfavorably compare the extent of Plaintiff claim of limitations due to pain and fatigue with the objective medical evidence. For example, with regard to the claim that she has difficulty holding things and doing tasks such as opening jars, the ALJ noted that she never made such complaints to her treating physicians. (AR 29.) As he noted, Plaintiff primarily complained repeatedly of occasional or intermittent joint pain, and there was no notation of pain in her hands until April 2009. (AR 29, 502.)

Significantly, the ALJ noted that the record is replete with entries that not only was Plaintiff's joint pain intermittent, but it was relieved with such things as stretching and Ibuprofen or Tylenol.

3

(AR 29, 502 ["Symptoms were relieved with stretching and mildly from ibuprofen or tylenol p.m."].)

The ALJ noted that while Plaintiff has been found during examination to have swelling and tenderness in the bilateral hands and/or fingers, this was noted to be mild until April 2009. (AR 29, exhibits cited therein.)

Consistent with the ALJ's determination that Plaintiff's joint problems with her hands did not cause the level of extreme difficulty in fine manipulation that Plaintiff claimed, he noted that she was referred for x-rays of the knee, but not for the hands, "further indicating the claimant's complaints have not been significant with regard to her hands." (AR 29.)

Citing extensively from the medical records, the ALJ noted that Plaintiff's joint pain was reported to be occasional, intermittent and/or mild in October 2007; January 2008; April 2008; September 2008; February 2009; March 2009; April 2009; and July 2009. (AR 29, with exhibit citations.)

The ALJ also noted Plaintiff's own statements, such as one she made during a medical examination in February 2008 when she described herself as having a "mild case of lupus" and denied having any significant health concerns related to the lupus. (AR 30, 301.)

With regard to the effect of medications on her symptoms, the ALJ noted Plaintiff's own admission that her "body hurts without my medications." (AR 30, 154.) As such, Plaintiff indicated that when she is on her medications, she can do household chores such as cleaning and laundry. (AR 30, 155.)

All of these factors, cited explicitly in the ALJ's decision, are relevant to a credibility determination. Certainly, the ALJ can take

4

note of a discrepancy or contradiction between subjective pain statements and the objective medical evidence in the record, although, as Plaintiff correctly notes, both the regulations and established case law prohibit this factor being utilized solely to determine credibility. The converse is true; i.e., that it is a relevant factor when considered with other credibility factors. Similarly, the ameliorative effect of medications is a factor in the credibility determination. Related to this is the fact that Plaintiff made no such reference to the helpful effect of medications, especially during her testimony before the ALJ. See Warre v. Commissioner of Social Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). Consistent with the finding that Plaintiff does better when on her medications is the fact, noticed by the ALJ, that she is therefore sometimes not compliant with her medications, which is also a credibility factor.

Certainly, the ALJ's decision does not evidence an arbitrary discrediting of Plaintiff's credibility, but rather, a careful reading of the record to make the requisite assessment. The Court finds no basis in the record to disturb the ALJ's findings, which are clearly based on substantial evidence.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: December 6, 2011            /s/
                                   VICTOR B. KENTON
                                   UNITED STATES MAGISTRATE JUDGE